# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

May 31, 2018

No. 17-60450

Lyle W. Cayce
Clerk

AUTO PARTS MANUFACTURING MISSISSIPPI, INCORPORATED,

Plaintiff – Appellee

v.

KOHN LAW GROUP, INCORPORATED,

Defendant – Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:11-CV-251

Before HIGGINBOTHAM, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

In this case, Kohn Law Group, Inc. ("Kohn Law") challenges the district court's determination that it violated an injunction against pursuing actions related to an interpleader fund and the district court's subsequent decision to impose civil sanctions on that basis.

A finding for civil contempt for the violation of an injunction requires the contemnor to have violated "a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-60450

knowledge of the court's order."[1] We review a district court's decision to impose civil contempt on that basis for abuse of discretion.[2] The district court's finding that the contemnor violated an order must be supported by "clear and convincing evidence,"[3] but we accept particular factual determinations as true unless they are clearly erroneous.[4]

The district court did not abuse its discretion in sanctioning Kohn Law. We conclude that Kohn Law violated the district court's injunction, and that injunction was sufficiently clear under our precedent to sustain the civil sanctions;[5] even if the district court's injunction did not "expressly prohibit[]"[6] Kohn Law's conduct, though we think it did, we also reject the assertion that this would work a constitutional harm.[7] Kohn Law's other arguments against the imposition of civil sanctions are similarly lacking in merit.

We affirm the district court's imposition of civil sanctions.

---

[1] *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (quoting *SEC v. First Fin. Grp. of Tex., Inc.*, 659 F.2d 660, 669 (5th Cir. 1981)).

[2] *See Hornbeck Offshore Servs., LLC v. Salazar*, 713 F.3d 787, 792 (5th Cir. 2013).

[3] *Id.*

[4] *See id.*

[5] *See, e.g., Am. Airlines, Inc. v. Allied Pilots Ass'n*, 228 F.3d 574, 578 (5th Cir. 2000).

[6] *Hornbeck*, 713 F.3d at 792.

[7] *See Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 143 (2d Cir. 2014) (describing a "salutary rule" deployed in Second Circuit that any ambiguity in orders forming the basis of contempt must "redound to the benefit of the person charged with contempt").